**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | | |
|---|---|---|
| **JACKIE D. CONLEY, individually and** | § | **Docket No. 2:17-cv-01391-CB** |
| **on behalf of all others similarly situated,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **CABOT OIL AND GAS** | § | |
| **CORPORATION,** | § | **CLASS/COLLECTIVE ACTION** |
| | § | **PURSUANT TO 29 U.S.C. § 216(b)/** |
| **Defendant.** | § | **FED. R. CIV. P. 23** |

## ORDER GRANTING FLSA SETTLEMENT AND
## PRELIMINARY APPROVAL OF RULE 23 SETTLEMENT

Before the Court is a Motion for Approval of the Parties' FLSA Settlement Agreement and Preliminary Approval of the Rule 23 Settlement Agreement ("Approval Motion") by Plaintiff Jackie Conley. After considering the Approval Motion and the papers in support of the same, the Settlement Agreement and Release (the "Settlement Agreement"), and the arguments of counsel, the Court is of the opinion that the motion to approve the FLSA Settlement Agreement is GRANTED and the motion to preliminarily approve the Rule 23 Settlement Agreement is also GRANTED. IT IS HEREBY ORDERED as follows:

1. The Court conditionally certifies the 42 person FLSA class for settlement notice purposes, as identified on Exhibit 2 of the Settlement Agreement.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), the proposed settlement of the Pennsylvania state law claims embodied in the Settlement Agreement is hereby preliminarily approved as fair, reasonable, and adequate, and in the best interests of the Settlement Class (as defined in the Settlement Agreement), in light of the factual, legal, practical, and procedural considerations raised by this case. Solely for the purpose of the settlement defined in the Settlement

Agreement, and pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court certifies the 55 person Rule 23 class, as identified on Exhibit 2 of the Settlement Agreement.

3.      The Court orders that the Pennsylvania Class is preliminarily certified for settlement purposes only. If the Settlement does not become final for any reason, the fact that the Parties were willing to stipulate to class action certification for settlement purposes shall have no bearing on, and will not be admissible in connection with, the issue of whether a class action is properly certified in a non-settlement context. The Court's findings are for purposes of conditionally certifying the Pennsylvania Class and will not have any claim, issue, or evidentiary preclusion or estoppel effect in any other action against Cabot or in this litigation if the Settlement is not finally approved.

4.      The Court finds that certification of the Pennsylvania Class, solely for purposes of Settlement, is appropriate in that: (a) the Pennsylvania Class Members are so numerous that joinder of all Pennsylvania Class Members is impracticable; (b) there are questions of law and fact common to the Pennsylvania Class which predominate over any individual questions; (c) claims of the Class Representative (as defined in the Settlement Agreement) are typical of the claims of the Pennsylvania Class; (d) the Class Representatives and Class Counsel (as defined in the Settlement Agreement) have fairly and adequately represented and protected the interests of the Pennsylvania Class; and (e) a class action settlement is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      The Court hereby preliminarily appoints Plaintiff Jackie Conley as the representative of the Pennsylvania Class and finds that he meets the requirements of Rule 23(a)(4).

6.      In accordance with Rules 23(a)(4) and (g) and the FLSA, the Court approves the following attorneys as Class Counsel for the Pennsylvania and FLSA Classes:

> Andrew W. Dunlap
> JOSEPHSON DUNLAP LAW FIRM
> 11 Greenway Plaza, Suite 3050
> Houston, Texas 77046
>
> And

Richard J. Burch
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046

7.  The Court preliminarily approves the attorney fees and costs requested.

8.  The Court finds that the plan for Class Notice (as defined in the Settlement Agreement) is the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23. The plan is approved and adopted. The Court further finds that the Class Notice complies with Rule 23(c)(2), Rule 23(e), and Section 216(b) of the FLSA, and is appropriate as part of the plan for issuing notice set forth in the Settlement Agreement as approved and adopted. Class Counsel shall work with the settlement administrator to distribute the Notice.

9.  The fairness hearing and hearing for Final Approval set forth in the Class Notice is hereby scheduled for __April 2__, 2019 at **10** : **00** a.m. in Courtroom **3A**, U.S. Courthouse, 700 Grant Street,                Pittsburgh, Pennsylvania 15219.

10.  No later than 5 business-days before the Hearing, counsel shall file a joint-motion for final approval of class/ collective-action settlement, along with a signature-ready proposed order, including any and all ancillary relief-requested.

IT IS SO ORDERED.


DATED:  __December 11, 2018__          _s\Cathy Bissoon_____
                                        Judge Cathy Bissoon
                                         United States District Judge